CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM PELLETIER, | ) | CASE NO. 7:13CV494 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Adam Pelletier, a Virginia inmate proceeding pro se, filed this action as a motion for temporary restraining order and preliminary injunction. The court also construed his submission as a civil rights action pursuant to 42 U.S.C. § 1983, and required him to make filing fee arrangements and demonstrate exhaustion of administrative remedies, which he has done. After review of the record, the court concludes that Pelletier's action must be summarily dismissed under 28 U.S.C. § 1915A(b)(1) as legally frivolous.

I

Pelletier is currently an inmate at Keen Mountain Correctional Center. He alleges that in June of 2011, prison officials transferred him for administrative reasons from one unit to another. The move forced Pelletier to give up his prison job and wages of $0.45 per hour. In the new unit, an officer assigned him to a houseman job that paid the same rate. In February of 2013, however, the prison implemented a new computer system, and as part of this change, officials reduced Pelletier's hourly rate from $0.45 per hour to $0.27 per hour. Although officers in his unit promised to find him another job at the higher rate of pay, they failed to follow through with this promise. Pelletier filed grievances, demanding his previous pay rate. Officials found these grievances to be unfounded. Pelletier asserts that officials now owe him $203.00 in back wages.

Pelletier also complains that on October 6, 2013, officers at Keen Mountain "shook down" his cell and ruined a copy of a transcript from his criminal proceedings beyond repair. Officer Sandstrom, who participated in the shakedown, threatened to conduct further searches and trash Pelletier's property if he continued to file complaints and grievances against Sandstrom and his officers.

Pelletier asserts that he will suffer "irreparable harm" in the form of retaliatory property losses and loss of pay if the court fails to issue injunctive relief directing prison officials to transfer him away from Keen Mountain. He demands interlocutory injunctive relief directing prison officials to reimburse Pelletier his lost wages of $203.00, to ensure that he continues with a job paying $0.45 per hour, and the officers reimburse Pelletier for the cost of his destroyed transcripts.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

An inmate does not have a protected liberty interest in his long-held prison job. "Classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators . . . ." Alitzer v. Paderick, 569 F.2d 812, 813 (4th Cir.1978). Even "[a] long-term job assignment does not invest an inmate

with a property interest in his or her continuation under that same job assignment. See id.; Adams v. James, 784 F.2d 1077-1079 (4th Cir. 1986) (prisoners have no constitutional right to maintain a particular job). For similar reasons, the Constitution does not "in and of itself protect a duly convicted prisoner against a change of status." Adams, 784 F.2d at 1079 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Under these principles, Pelletier's allegations fail to give rise to any claim that he has been deprived of constitutionally protected rights. Because Pelletier had no constitutional right to be housed in any particular unit of the prison or to have a particular prison job or rate of pay, changes to these statuses without notice or opportunity to object also do not implicate any constitutional right.

Pelletier also has no actionable claim concerning the alleged destruction of his transcript. "[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur"; therefore, "if a meaningful post-deprivation remedy for [such a] loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984). The unauthorized deprivation of property that Pelletier alleges falls squarely under Hudson. Inasmuch as he possesses tort remedies under Virginia state law, see Va. Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim for the alleged property loss in this case.

Finding no basis on which Pelletier could show that the events of which he complains violated his constitutional rights in any way, the court will summarily dismiss his complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous, and deny all other pending motions as moot. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of November, 2013.

/s/ James C. Turk
Senior United States District Judge